IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
STEVENER GASKIN, as Personal     )
Representative of the Estate     )
of LEE ESTER GASKIN and MARY     )
GASKIN, Individually,            )
                                 )
Plaintiffs,                      )
                                 )
vs.                              )        NO: 2:05-CV-303
                                 )
SHARP ELECTRONICS CORPORATION,   )
                                 )
Defendant.                       )
```

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Objection to Removal and Motion to Remand, filed by Plaintiffs, Stevener Gaskin, as Personal Representative of the Estate of Lee Ester Gaskin, deceased, and Mary Gaskin, individually, on August 23, 2005. For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

On May 18, 2005, Plaintiffs filed a complaint alleging negligence against Defendant Sharp Electronics Corporation ("Sharp") in the Lake County Superior Court sitting in Gary, Indiana, Cause No. 45D040505CT00094. The complaint arose out of an alleged defective television set that was manufactured by Defendant. Plaintiffs allege the television set caused a fire that fatally injured Lee Ester Gaskin

and injured Mary Gaskin.  The complaint states that Lee Ester Gaskin was a resident of Lake County, Indiana (Compl. ¶ 5), but it fails to set forth the citizenship of either Plaintiff.  Plaintiffs request damages including but not limited to damages for healthcare, funeral and burial expenses, costs and expenses of administering the estate and of prosecuting a wrongful death action, including reasonable attorney's fees, loss of services, loss of love and companionship, damages to chattels and personal property, personal injuries, pain, suffering, emotional distress, and other damages. (Compl. ¶ 16.)  The complaint does not specify the amount of damages sought.[1]

Defendant was served with a copy of the complaint by certified mail on June 1, 2005.  After the case was filed in Lake County Superior Court, no rulings or court appearances occurred.  The only filing subsequent to the filing of the complaint in state court was Defendant's answer to the complaint.

Defendant requested admissions from Plaintiffs on June 28, 2005.  The admissions requested by Defendant pertained to Plaintiffs' domicile and the amount in controversy for the case.  Plaintiffs responded to Defendant's requests for admissions on August 1, 2005.  Defendant then filed a notice of removal on August 11, 2005.

---

[1]This is proper pursuant to Indiana's rule prohibiting a plaintiff from pleading the amount of damages sought in certain cases.  *See* Rule 8 of the Indiana Rules of Trial Procedure (providing that "in a complaint seeking damages for personal injury or death... no dollar amount or figure shall be included in the demand.").

Plaintiffs claim the removal was untimely under 28 U.S.C. section 1446, and accordingly request that the case be remanded to Lake County Superior Court.

DISCUSSION

Defendant has the burden of showing that this case was removable. *Wellness Cmty-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Hernandez v. Schering Corp.*, No. 05 C 0870, 2005 U.S. Dist. LEXIS 9570, at *2 (N.D. Ill. May 5, 2005); *Height v. Sw. Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, at *8 (N.D. Ill. July 23, 2002); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp. 2d 876, 878 (N.D. Ind. 2001); *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991). A defect in the removal procedure results in a case being remanded back to the state court. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

The federal courts have limited jurisdiction. *Wellness*, 70 F.3d at 50. A federal court has diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties to the suit are citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a case that is properly filed in state court if that case could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Shaw*, 994 F.2d at 366. However, 28 U.S.C. section 1446 provides strict time guidelines for defendants seeking removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days

> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Plaintiffs challenge Defendant's timeliness in removing this action because the notice of removal was filed after 30 days had passed from the filing of the initial complaint. Specifically, Plaintiffs argue that from the face of the complaint, Defendant had sufficient information that diversity existed and the amount in controversy exceeded $75,000. Alternatively, Plaintiffs argue that Defendant had notice of removability at the latest by June 16, 2005 (and therefore only had until July 16, 2005 to file the notice of removal), because Defendant possessed certain documents at that time indicating both Lee Ester Gaskin and Mary Gaskin were citizens of Indiana. In response, Defendant claims that neither diversity nor the amount in controversy were apparent from the complaint. Furthermore,

Defendant argues that the Gary Fire Department reports it received around June 16, 2005, were insufficient to establish Mary Gaskin's citizenship. Defendant urges that removal was timely made within 30 days after it received information that the case was removable.

Diversity of Citizenship

The diversity of citizenship requirement to invoke the jurisdiction of the federal courts is met where all defendants are diverse from all plaintiffs. *Int'l Ins. Co. v. Saco Defense, Inc.*, No. 98 C 3628, 1999 U.S. Dist. LEXIS 237, at *7 (N.D. Ill. Jan. 5, 1999). This is well known as the rule of complete diversity. Complete diversity is established through a party's citizenship rather than their residency. *Hernandez*, 2005 U.S. Dist. LEXIS 9570, at *8. For the purposes of determining diversity jurisdiction, a person's citizenship is their domicile, or the physical presence in a state with the intent to remain. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Citizenship does not mean residence. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

For a legal representative of an estate of a decedent, citizenship exists only in the same state as the decedent. 28 U.S.C. § 1332(c)(2).[2] For a corporation, citizenship exists in two places,

---

[2]The statute provides in pertinent part that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State of the decedent . . . ." 28

the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The corporation's principal place of business is the state of the corporation's "nerve center." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).  In this case, Sharp was incorporated in the State of New York, and has a principle place of business in the State of New Jersey.  Therefore, in order for this case to be removable, it must have been clear from the complaint what the states of citizenship of each Plaintiff were, and that neither of the two plaintiffs was a citizen of the states of New York or New Jersey.

In order to invoke the jurisdiction of the federal court, the citizenship of the parties must be shown, not merely their residence. *America's Best Inns*, 980 F.2d at 1072.  A failure to plead the citizenship of the parties makes the jurisdictional statement defective.  *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993).  However, with regard to removal, the allegation of residency of a party should be a clue to the defendant of a potential citizenship. *Takacs v. Great Lakes Psychological Servs.*, No. 96 C 3130, 1996 U.S. Dist. LEXIS 7415, at * 11 (N.D. Ill. May 28, 1996) (holding that an allegation in the complaint that the plaintiff resided in the Chicago metropolitan area and worked at a Health Center in Merrillville, Indiana was sufficient to clue the defendant in to the potential of Indiana citizenship).

---

U.S.C. § 1332(c)(2).

<u>Upon Receipt of the Complaint</u>

First, Plaintiffs argue that Defendant should have had notice of diversity upon receipt of the complaint because the complaint alleges that Lee Ester Gaskin was a resident of Indiana, and Stevener Gaskin was the personal representative of her estate. (Compl. ¶¶ 1, 5.) As the legal representative of Lee Ester Gaskin's estate, Stevener Gaskin is deemed to be a citizen of the same state as Lee Ester Gaskin. 28 U.S.C. § 1332(c)(2). Although Plaintiffs only alleged the residency of the decedent (instead of the domicile), the Court finds this is sufficient to place Defendant on notice that Stevener Gaskin's citizenship is the State of Indiana.

With regard to the other Plaintiff, Mary Gaskin, Plaintiffs claim Defendant should have known her citizenship upon receipt of the complaint because of a reference in the complaint to a separate case for the appointment of Stevener Gaskin as personal representative. In the petition to appoint Stevener Gaskin as the personal representative for Lee Ester Gaskin, and the order entering his appointment, it states that Mary Gaskin is a resident of Indiana. Although these documents were not attached to the complaint, Plaintiffs contend that because the documents are identified in the complaint and available as a matter of public record under Case No. 45D02-0504-ES-00066 filed in Lake Superior Court, they properly put Defendant on notice of diversity.

This Court believes that the mere reference in Plaintiffs'

complaint to documents in another case is insufficient to put Defendant on notice of Plaintiff's citizenship. First, because the documents at issue did not originate out of this action, and were not attached to the complaint, they are outside the pleadings in this case. Second, there was no indication that the cause number referenced in the complaint would lead to any evidence of citizenship. The cause number is merely referred to as follows: "[t]he Plaintiff, Stevener Gaskin, is the Personal Representative of the Estate of Lee Ester Gaskin, Deceased, under Cause No. 45D02-0504-ES-00066, Lake Superior Court, East Chicago, Indiana." (Compl. ¶ 1.) Thus, the complaint references the outside case number only to establish that Stevener Gaskin is the personal representative of the Estate of Lee Ester Gaskin.

Although Plaintiffs urge the Court to follow a rule that the thirty-day period should apply where the initial pleading provides a "clue" as to removability, this Court declines to do so. Plaintiffs cite *Kaneshiro v. North American Co. for Life and Health Ins.*, 496 F.Supp. 452, 461-62 (D. Haw. 1980), for the proposition that Defendant has the burden of inquiry to scrutinize and determine if there is a basis to assert diversity jurisdiction. However, *Kaneshiro* was abrogated by *Harris v. Bankers Life and Cas. Co.*, No. 04-35115, 2005 WL 2456929, at *6 (9th Cir. Oct. 6, 2005). In *Harris*, the Court noted that "in the twenty-five years since the case [*Kaneshiro*] was decided, no federal circuit court of appeals has embraced its rationale" to

establish a burden to scrutinize where the initial pleading provides a "clue" as to removability. *Id.* The *Harris* Court was unpersuaded by the argument that the current bright-line approach would result in strategic delay in removal. Additionally, the Court reasoned:

> Our reluctance to embrace the *Kaneshiro* framework is also motivated by the concern that defendants may be encouraged to engage in premature removals in order to ensure that they do not waive their right to removal. Otherwise, defendants will be subject to a court's post-hoc consideration of whether there was a "clue" in the initial pleading and whether the defendant exercised due diligence to discover the grounds for removability. As observed in *Lovern* [*v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997)], the pressure to file a premature notice of removal may lead to the imposition of Rule 11 sanctions.

*Id.* This Court agrees with the reasoning set forth in *Harris*, and declines to extend *Kaneshiro*.

Another case cited by Plaintiffs is also distinguishable. Plaintiffs cited *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991), for the proposition that Defendant had the burden to scrutinize the complaint to determine if diversity jurisdiction could exist. However, in *Roberson*, the court found that a complaint alleging plaintiffs resided in a different state than the state of defendant's citizenship was sufficient to put defendant on notice as to that aspect of diversity jurisdiction. In this case, Plaintiffs' complaint contained no such allegation.

In sum, this Court finds that Defendant could not have ascertained at the time of the complaint whether the case was

removable because the initial pleading failed to state facts indicating whether the case was removable. Specifically, the complaint did not allege facts indicating the citizenship of Plaintiff, Mary Gaskin.

### Upon Receipt of the Gary Fire Department Reports

Alternatively, Plaintiffs argue Defendant knew no later than June 16, 2005, that the case was removable, because on that day, Plaintiffs' attorneys sent Defendant's attorneys a copy of the Gary Fire Department reports and photos concerning the fire referenced in the complaint. Plaintiffs aver that Mary Gaskin was identified in the reports as a renter of the building where the fire occurred, in the State of Indiana.

However, as this Court stated earlier, for purposes of establishing diversity jurisdiction, citizenship is determined by one's domicile, which requires physical presentence in the state along with the intent to remain there. *Dakuras v. Edward*, 312 F.3d 256, 258 (7th Cir. 2002); *Denliger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). More importantly, as pointed out by Defendant, the fact that Mary Gaskin was a renter of an Indiana premises on March 2, 2004 (as set forth in the articles), does not establish that Mary Gaskin was a citizen of the State of Indiana at the time of the filing of the complaint more than a year after the incident, on May 18, 2005.

For removal purposes, although Defendant was aware of the likelihood of diversity with Stevener Gaskin upon receiving the

complaint, Defendant was unaware of diversity with regard to the other Plaintiff, Mary Gaskin. Plaintiff only became aware of the citizenship of Mary Gaskin through the receipt of "other paper," namely, answers to Defendant's request for admissions. "Courts construe the 'other paper' requirement to include 'papers that are part and parcel of the State Court proceedings having their origin and existence by virtue of the State Court process,' and include such 'papers' as a 'discovery deposition,' 'interrogatory answers,' or any 'official papers,' filed with the 'action sub judice,' or given under 'oath' in connection with the action." *Hernandez*, 2005 U.S. Dist. LEXIS 9570, at *7. Responses to requests for admissions are included in "other paper." *Height*, 2002 U.S. Dist. LEXIS 13880, at *9.

Since the initial pleading failed to state facts indicating whether the case was removable, Defendant was entitled to remove 30 days after receipt of some pleading or other paper from which it was first ascertained that the case was removable. 28 U.S.C. § 1446(b). Defendant received information regarding Mary Gaskin on August 1, 2005, when it received Plaintiffs' response to Sharp's request to admit facts. Thus, the removal filed 10 days later on August 11, 2005, was timely.

Amount in Controversy

This Court has already established that the removability of this case could not be determined on the face of the complaint because

-11-

diversity was not apparent. Even assuming, *arguendo*, that diversity was established, a separate reason that the case was not removable upon receipt of the complaint is that the amount in controversy was not established. With regard to the amount in controversy, Plaintiffs claim Defendant had notice that the amount exceeded $75,000 based upon the serious nature of the claims set forth in the complaint. Defendant counters that the first time it established the amount in controversy of Plaintiffs' claims was when it received Plaintiffs' response to Defendant's request to admit facts on August 1, 2005, thus removal was timely.

Some district courts have held that when the plaintiff alleges serious, permanent injuries and significant medical expenses, the face of the complaint makes it obvious that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See, e.g.*, *McCoy v. General Motors Corp.*, 226 F.Supp. 2d 939, 941 (N.D. Ill. 2002); *Fate*, 174 F.Supp. 2d at 880. These courts hold that the thirty day requirement under the first sentence of section 1446(b) applies because the complaint alleges enough information to put the defendant on notice of the removable nature of the case. *See, e.g.*, *McCoy*, 226 F.Supp. 2d at 941-42.

Other district courts have taken a more literal read to the removal statute, and have held that removal is not required until 30 days after the "defendant can first ascertain that the case 'is or has become removable,' not when it may be removable." *Ford v. Mannesmann*

*Dematic Corp.*, No. 00 C 1226, 2000 U.S. Dist. LEXIS 14560, at *10 (N.D. Ill. Sept. 29, 2000) (quoting *Saco Defense,* 1999 U.S. Dist. LEXIS 237, at *4). "While it is rare that it can be ascertained 'with certainty' that a case has become removable, a defendant must have more than a 'reasonable basis for believing' that federal jurisdiction exists before filing for removal." *Id*. (quoting *Saco Defense*, 1999 U.S. Dist. LEXIS 237, at *3).

*Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876 (N.D. Ind. 2001), relied upon by Plaintiffs in support of their contention that Defendant's removal was untimely, is distinguishable. In *Fate*, the complaint alleged damages, both punitive and compensatory, for breach of contract. *Id*. at 878. Defendant kept the case in state court for over eight months and it was not until after more than one dispositive motion was decided in the plaintiff's favor that the defendant sought discovery to ascertain the amount in controversy. *Id*. at 877-78. The court held that the defendant's removal was untimely because the complaint requested punitive damages in accordance with Indiana law, which should have put the defendant on notice that the amount in controversy requirement for invoking the federal court's jurisdiction may have been satisfied. *Id*. at 880. The court reasoned that this result furthered the policy goals behind requiring a timely removal of claims to the federal courts. *Fate*, 174 F.Supp. 2d at 880. Here, in contrast, Defendant promptly issued requests for admissions to determine if diversity jurisdiction

-13-

existed, and generally moved quickly to remove this case after it received the necessary information. Within 27 days after receiving the complaint, Defendant issued discovery. Additionally, Defendant filed the notice of removal only 10 days after it received Plaintiffs' answers to its requests to admit.

Although timely removal promotes the efficient litigation of claims, there are reasons supporting the requirement that a defendant should receive more definite evidence that the case is removable before starting the clock on the defendant's time to remove. First, a defense counsel that files a notice of removal must include in the petition for removal the citizenship of the parties. Such a petition is done under risk of sanctions under Rule 11. 28 U.S.C. § 1446(a) (requiring the notice of removal to be signed pursuant to Rule 11); *see also Saco Defense*, 1999 U.S. Dist. LEXIS 237, at * 14; *A.A. Auto Lube, Inc. v. Jiffy Lube Int'l, Inc.*, 842 F.2d 946, 949 (7th Cir. 1988) (holding that sanctions were appropriate against a defense counsel that took an objectionably unsupported position in a notice of removal).

Additionally, even if the defendant is put on notice by the nature of the injuries alleged in the complaint that the claim could potentially be worth more than the jurisdictional requirement of $75,000, the plaintiff is not required to seek the full amount of damages. The plaintiff could decide to only seek certain damages or could decide not to seek the full amount in an effort to avoid

-14-

removal.  *See Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, at *6-7 (N.D. Ill. June 3, 1998) (noting that a plaintiff may seek a lesser amount of damages in order to avoid removal).

In this case, the facts do not support Plaintiffs' position that Defendant was on notice of the amount in controversy requirement solely by the nature of the claim.  Although the complaint was sufficiently particular for the state court it was originally filed in, it does not allege enough information to put Defendant on notice of the amount in controversy for this lawsuit.  Plaintiffs have not pointed to any case law or other support for their position that any claim for wrongful death cannot possibly be expected not to exceed the $75,000 requirement.  Further, even assuming that any wrongful death action is worth over $75,000,  Defendant would not be aware of what amount Plaintiffs' are seeking without conducting some discovery.  If Defendant had filed a notice of removal without proper support that the amount in controversy exceeded $75,000, counsel for Defendant would have risked sanctions under Rule 11, and this seems like an unfair position in which to place Defendant.

Finally, the policy goals of requiring a quick removal out of state court are not served by a remand of this case.  Defendant quickly requested discovery to ascertain whether removal was a possibility in this case, no other filings were considered by the state court, no adverse rulings have been entered, and the resources

of the state court and the attorneys of record have not been wasted.

CONCLUSION

    For the reasons set forth above, the motion for remand is **DENIED**.

**DATED:  October 24, 2005**     /s/RUDY LOZANO, Judge
                                          United States District Court