IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| STEVENER GASKIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 2:05-CV-303 |
| | ) | |
| SHARP ELECTRONICS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This matter is before the Court on the Motion for Clarification and/or to Reconsider, filed by Plaintiffs, on September 12, 2007. For the reasons set forth below, the Motion is **GRANTED IN PART and DENIED IN PART**. To the extent the motion is for clarification, it is **GRANTED**. To the extent the motion is to reconsider, it is **DENIED**.

BACKGROUND

On August 31, 2007, this Court issued a 28-page opinion granting in part and denying in part Defendant Sharp's motion to bar expert testimony. After going through an exhaustive analysis of the admissibility of expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993), the motion was granted as to the expert testimony of Dennis Dyl, and his expert testimony

was barred.  Plaintiffs now ask the Court to clarify its opinion and/or to reconsider the order.  Specifically, Plaintiffs argue that although this Court found Dyl's conclusions to be unreliable, Dyl should be able to testify as to certain observations he made during his analysis of the case.  Plaintiffs are less than clear as to exactly what testimony they believe is still admissible of Dyl's - but they claim that he should be allowed to make observations related to "distress," areas of localized heat, and components having a globular appearance, as well as "a possible explanation for the fire is that a loose connection can create heat, which can start a fire," and that "fire can spread as a result of movement of flaming material, or remote heat radiation," but he would be prohibited "from concluding that this occurred in this case." (Mot. For Clarification and/or To Reconsider, pp. 2, 9.)

DISCUSSION

Motion For Clarification

In its August 31, 2007 Order, this Court found that Dyl's opinion (that a poor connection between a pin and the CRT board in the subject television generated heat, caused a fire, which ignited the polymer cabinet on the subject television and nearby combustibles) was unreliable under *Daubert* because Dyl performed no testing, the theory was not peer reviewed, and Dyl "did not bridge

the analytical gap between the basic principle that a poor connection can cause heat, and his very complex conclusions about how this specific fire started in this specific Sharp television." (August 31, 2007 Order, p. 21). Because the Court found this opinion unreliable, it did not analyze *Daubert*'s second prong, relevancy. *See O'Connor v. Commonwealth Edison Co.*, 13 F.3d 1090, 1107 n.20 (7th Cir. 1994) (explaining "[b]ecause we conclude that [the expert's] methodology is not well grounded in the scientific method, we have no occasion to consider whether there is the proper fit between the methodology used and the facts presented"). However, this Court did note that Dyl opined about several generally accepted basic principles (for example, that a poor connection can cause heat in some circumstances), and made several observations during his analysis of this case (for example, Dyl observed components with a globular appearance in the television remains).

This Court believes that Plaintiffs are entitled to present their theory of the case to a jury. **Thus, this Court clarifies its previous opinion as follows: the Court will not per se bar the testimony of Dyl regarding general principles (such as a loose connection can cause heat in certain circumstances), background testimony, or Dyl's observations during his data collection; however, such testimony will only be allowed into evidence at trial if Plaintiffs can show, depending upon all of the evidence, that it**

3

**is relevant, and Plaintiffs must tie up the proposed evidence so that it fits the facts of the case.** However, as described in more detail below, this Court stands by its previous order, denying any motion for reconsideration, and holds that Dyl will not be able to testify regarding his ultimate conclusions in the case.

Motion to Reconsider

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982). A motion for reconsideration performs a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

However, motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [motion]." *Caisse Nationale De Credit*

4

*Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). In other words, the parties cannot introduce evidence previously available, but not used in the prior proceeding. *See Roche Diagnostics Corp. v. Bayer Corp.*, 247 F. Supp. 2d 1065, 1068 (S.D. Ind. 2003). Motions for reconsideration are also not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1264 (citations omitted).

In this case, reconsideration is not warranted. Plaintiffs have pointed to no change in the law. Moreover, the arguments made by Plaintiffs in the present motion were not presented to this Court before, thus this Court could not have misunderstood the issues or made a decision outside the scope of issues presented to the Court.

**DATED: September 18, 2007**          **/s/ RUDY LOZANO, Judge**
                                       **United States District Court**

5